LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

LUIS ALBERTO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,


        v.



RICO POLLO #2 RESTAURANT CORP.
     d/b/a RICO POLLO,
ABC CORP.
     d/b/a RICO POLLO,
JUAN F. PUNTIEL, CLEMENTE [LNU]
and JOHN DOE #1-10,

      Defendants.

_____

Case No.:

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

Jury Trial Demanded

      Plaintiff, LUIS ALBERTO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ABC CORP., d/b/a RICO POLLO, RICO POLLO #2 RESTAURANT CORP. d/b/a RICO POLLO (the "Corporate Defendants") JUAN F.

PUNTIEL, CLEMENTE [LNU] and JOHN DOE #1-10 (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unreimbursed expenses of "tools of the trade" and maintenance/repair costs, (4) liquidated damages, and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) unreimbursed expenses of "tools of the trade" and maintenance/repair costs, (5) statutory penalties, (6) liquidated damages pursuant to the New York Labor Law and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, LUIS ALBERTO, is a resident of Kings County, New York.

6.     Defendants operate two restaurants under the common trade name "RICO POLLO" located at:

    a)     55-37 MYRTLE AVE, RIDGEWOOD, NEW YORK 11385 ("Rico Pollo #1")

      b)     3352 FULTON STREET, BROOKLYN, NEW YORK 11208 ("Rico Pollo #2") (together, the "Restaurants").

7. The Corporate Defendant, ABC CORP. d/b/a RICO POLLO is a domestic business corporation organized under the laws of the State of New York with a principle place of business located at 55-37 MYRTLE AVENUE, RIDGEWOOD, NEW YORK 11385.

8. The Corporate Defendant, RICO POLLO #2 RESTAURANT CORP. d/b/a RICO POLLO is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and principal place of business located at 3352 FULTON STREET, BROOKLYN, NEW YORK 11208.

9. The Corporate Defendants operate as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

    a) the Corporate Defendants are commonly owned and operated by the Individual Defendants and by the Corporate Defendants;

    b) The Corporate Defendants share the same trade name "Rico Pollo";

    c) the Corporate Defendants have the same corporate leadership. Individual Defendants JUAN F. PUNTIEL and CLEMENTE [LNU] are owners and/or officers of Corporate Defendants, and are in charge of all aspects of management and operations for each of the Corporate Defendants;

    d) the Corporate defendants maintain centralized labor relations, human resources, and payroll operations; employment policies are formulated centrally by senior officials for Corporate Defendants.

e) The Corporate Defendants interchanged supplies, food, and employees between the two Rico Pollo locations.

10. The Individual Defendant, JUAN F. PUNTIEL, is the principal, owner, and or manager of each of the Corporate Defendants. Defendant JUAN F. PUNTIEL exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. JUAN F. PUNTIEL exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complain to Defendant JUAN F. PUNTIEL directly regarding any of the terms of their employment, and Defendant JUAN F. PUNTIEL would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees. JUAN F. PUNTIEL also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

11. The Individual Defendant, CLEMENTE [LNU], is the principal, owner, and or manager of each of the Corporate Defendants. Defendant CLEMENTE [LNU] exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. CLEMENTE [LNU] exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complain to Defendant CLEMENTE [LNU] directly regarding any of the terms of their employment, and Defendant CLEMENTE [LNU] would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule,

compensation, or terminating or hiring such employees. CLEMENTE [LNU] also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

12. At all relevant times, the Corporate Defendant were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA and the New York Labor Law.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in New York State, (including delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium for hours worked in excess of forty (40) each workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names

and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, (including delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.  All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of (i) failing to pay minimum wage, (ii) failing to pay overtime, (iii) failing to pay spread of

hours, (iv) failing to provide wage statements that were in compliance with the requirements set forth by the New York Labor Law, and (v) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. Furthermore, Defendants failed to compensate delivery employees for their tools of the trade (bicycles used to make deliveries) and costs concomitant to the service and maintenance for such vehicles. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d.  Whether Defendants failed to pay Plaintiff and Class members overtime premium for all hours worked in excess of forty (40) each workweek;

e.  Whether Defendants compensated Plaintiff and delivery persons for their "tools of the trade" (i.e. bicycles used to make deliveries) and costs concomitant to the service and maintanance for such vehicles.

f.  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

g.  Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

h.  Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked; and whether Defendants failed to pay Plaintiff and Class members spread of hours premium for each shift exceeding ten (10) hours in duration.

## STATEMENT OF FACTS

25. On or about May 1, 2016, Plaintiff LUIS ALBERTO was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' "RICO POLLO" restaurant located at 55-37 MYRTLE AVE, RIDGEWOOD, NEW YORK 11385. According to

Plaintiff LUIS ALBERTO's observation, employees would often interchange between Rico Pollo #1 and Rico Pollo #2.

26. Plaintiff LUIS ALBERTO was employed by Defendants until May 7, 2018.

27. Throughout the employment of Plaintiff LUIS ALBERTO by Defendants, he worked over forty (40) hours per week. Specifically, his regular work schedule was 6 days per week, from 2:00 p.m. to 12:30 a.m., each day, for a total of approximately 63 hours per week.

28. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours that he worked in excess of forty (40), as required under the FLSA and NYLL. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiff covered the overtime hours in excess of forty (40) that Plaintiff worked each week. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek.

29. Throughout Plaintiff LUIS ALBERTO's employment by Defendants, Plaintiff received a fixed salary rate of $350.00 per week. Plaintiff was always paid his entire fixed weekly salary in cash without paystubs. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates in cash only.

30. During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.

31. Plaintiff LUIS ALBERTO and Class members did not receive any proper wage statements, as required under the New York Labor Law.

32. During Plaintiff LUIS ALBERTO's employment by Defendants, Defendants failed to compensate Plaintiff for the bicycle he used to make deliveries, or pay costs associated with the bicycle's repair or maintenance. Similarly, Defendants failed to compensate other delivery worker for the bicycles that they used to make deliveries, or pay for the repair and maintenance of their bicycles.

33. Plaintiff LUIS ALBERTO and Class members did not receive any wage and hour notice at the beginning of their employment nor annually thereafter, as required under the New York Labor Law.

34. Throughout his employment by Defendants, Plaintiff LUIS ALBERTO was required to spend more than 2 hours or twenty percent (20%) of each shift engaged in non-tipped duties, including food preparing, floor cleaning, dish washing and some gengeral porter works. Similarly, other delivery workers were required to engage in non-tipped activities for at least two (2) hours per shift or twenty percent (20%) of their workday.

35. Plaintiff LUIS ALBERTO and other tipped employees did not receive notice that Defendants were taking a tip credit, in violation of the New York Labor Law. In addition, Plaintiff LUIS ALBERTO and the other tipped employees did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.  They were also never informed in writing as to their hourly rate of pay and overtime rate of pay. Therefore any purported tip credit taken by Defendants with respect to Plaintiff and/or tipped employees is invalid.

36. At all relevant times, Plaintiff LUIS ALBERTO, FLSA Collective members and Class members were unlawfully paid by Defendants at hourly rates below the standard federal and New York State minimum wages.

37.  Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiff LUIS ALBERTO realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40. At all relevant times, Defendants employed Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs within the meaning of the FLSA.

41. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

42. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay the statutory minimum wage, and overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

43. Defendants knowingly and willfully violated Plaintiff LUIS ALBERTO and delivery workers rights under the FLSA by failing to compensate them for "tools of the trade" and

maintenance/repair costs.

44. Plaintiff LUIS ALBERTO is in possession of certain records concerning the number of hours worked by Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff LUIS ALBERTO intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants failed to properly disclose or apprise Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and unreimbursed "tools of the trade" and maintenance/repair costs, plus an equal amount as liquidated damages.

48. Plaintiff LUIS ALBERTO and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

49. Plaintiff LUIS ALBERTO realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff LUIS ALBERTO and Class members were employed by the Defendants within the meaning of the applicable state law.

51. Defendants knowingly and willfully violated Plaintiff LUIS ALBERTO and delivery workers rights under the New York Labor Law by failing to compensate them for "tools of the trade" and maintenance/repair costs.

52. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the statutory minimum wage, and overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

53. Defendants violated the rights of Plaintiff LUIS ALBERTO and Class members under the New York Labor Law by failing to pay them "spread-of-hours" premiums for each day of their workweeks exceeding ten (10) hours in length.

54. Defendants willfully violated Plaintiff and Class members' rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

55. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the applicable state law.

56. Defendants failed to provide Plaintiff LUIS ALBERTO and Class members proper wage statements with every payment as required by the applicable state law.

57. Due to the Defendants' state law violations, Plaintiff LUIS ALBERTO and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime, unpaid spread of hours premium, unreimbursed expenses for tools of the trade and

maintenance/repair, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the applicable state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e.   An award of unpaid costs of tools of the trade due under the FLSA and the New York Labor Law;

f.   An award of unpaid "spread of hours" premium due under the New York Labor Law;

g.   An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to 29 U.S.C. § 216;

i.     An award of liquidated and/or punitive damages as a result of Defendants'
willful failure to pay compensation for all hours worked and overtime
compensation for all hours worked over 40 per workweek, pursuant to 29
U.S.C. § 216;

j.     An award of liquidated and/or punitive damages as a result of Defendants'
willful failure to pay "spread of hours" premium pursuant to the New York
Labor Law;

k.     An award of statutory penalties, and prejudgment and postjudgment interest;

l.     An award of costs and expenses of this action together with reasonable
attorneys' and expert fees;

m.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

n.     Designation of this action as a class action pursuant to F.R.C.P. 23;

o.     Designation of Plaintiff as Representative of Class; and

p.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial
by jury on all issues so triable as of right by jury.

16

Dated: August 22, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

By:     _____/s/ C.K. Lee_____
        C.K. Lee, Esq. (CL 4086)